UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MILTON BROWN,

    Plaintiff,

v.                                          Case No.  2:14-cv-136
                                                    HON.  GORDON J. QUIST

JEFFREY WOODS, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

       Plaintiff Milton Brown filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. Plaintiff's remaining claims are for retaliation against Defendants Williams and McDonald. Plaintiff asserts that on January 20, 2012, Defendants Williams and McDonald called him a "baby raper" and Williams said, "yeah I got something for him anyway he like to write grievances." At approximately 3:00 p.m., Defendants Williams and McDonald "trashed" Plaintiff's cell and ripped up some of Plaintiff's photos. Later that afternoon, Defendant Williams refused to give Plaintiff his food tray. Plaintiff contends that Williams' conduct was in retaliation for his grievance submissions.

       On January 21, 2012, Plaintiff received a misconduct ticket from Defendant Williams for possession of a weapon. Defendant Williams found a 9" piece of metal in Plaintiff's coat. Plaintiff alleges that he was denied a hearings investigation on the charge. Plaintiff alleges that on January 23, Defendant McDonald came to his cell stating, "you're next in the observation cell I see the knife wasn't enough for you and don't worry about eating tonight because you won't." Plaintiff

alleges that Williams did not give Plaintiff a dinner tray that evening. Then, on January 30, 2012, Williams said to Plaintiff, "I thought you said you were going home Brown," to which Plaintiff responded, "F*** you." As Williams walked away, he said, "last time you said you didn't care you were going home but I guess you not gone make it now with a weapon, all you had to do was keep your mouth shut." *Id*. As a result of the weapons conviction, Plaintiff claims that he received a 12-month continuance from the parole board in February 2012.

Plaintiff claims that on February 1, 2012, he was placed on "no out of cell movement" in retaliation for his grievances, although prison officials claimed that the cell confinement was imposed as a result of the January 20 weapons misconduct and a January 30, 2012 misconduct charge for threatening behavior. On February 10, 2012, McDonald allegedly stated "how are your grievances turning out, I thought you wanted to f*** me up, your slot was just open for laundry, you just all talk coward keep writing your grievances they not gone get you no where spell my name right." Plaintiff maintains that Defendants Williams and McDonald repeatedly harassed him and brought false misconduct charges against him in retaliation for his grievances against them. Defendants Williams and McDonald move for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed

in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that he was issued misconduct tickets in retaliation for his numerous grievance submissions. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

A prisoner's claim that he was falsely accused of a major misconduct is barred where there has been a finding of guilt. *See Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013) (holding that a factual finding in a major misconduct proceeding has preclusive effect and is not

- 3 -

subject to challenge in a § 1983 action). Plaintiff was found guilty of both the weapons misconduct and the threatening behavior misconduct. With regard to the causation element of a retaliation claim, "the defendant may thwart the retaliation claim by showing that it would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). A hearing officer's "finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim." *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2006), *quoting Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994), *cert. denied*, 515 U.S. 1145 (1995); *see also Ruiz v. Bouchard*, 60 Fed. Appx. 572, 574 (6th Cir. 2003) ("... to the extent that Ruiz has asserted a pure retaliation claim, Ruiz still has not stated a claim because he was convicted of the misconduct charges"); *Clemons v. Cook*, 52 Fed. Appx. 762, 763 (6th Cir. 2002); *Burton v. Rowley*, 2000 WL 1679463 (6th Cir. 2000); *Wilson v. Phipps*, 1998 WL 384560, at *1 (6th Cir. 1998), *citing Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam).

In the opinion of the undersigned, Plaintiff cannot show that his misconduct tickets were retaliatory because he was found guilty of possession of a weapon and he was found guilty of threatening behavior. The misconduct findings bar Plaintiff from asserting that the misconduct tickets were retaliatory acts.

As acknowledged by Defendants, Plaintiff states that Defendants called him "baby raper," in front of other inmates. Plaintiff also alleges that Defendants "trashed" his cell on January 20, 2012, and told other inmates that Plaintiff was a "rat" or "snitch." Plaintiff further asserts that Defendant Williams denied him dinner on January 20, 2012, and that Defendant MacDonald denied

him dinner on January 23, 2012. Plaintiff alleges that this conduct was retaliatory for his numerous complaints, kites and grievances.[1]

As to the "baby raper" claim, Defendant argues that Plaintiff cannot bring a lawsuit under 42 U.S.C. § 1997e(e) for mental or emotional injuries without a showing of physical injury.

Section § 1997e(e) provides as follows:

> No federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*Id.* The Sixth Circuit repeatedly has held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Jackson v. Herrington*, 493 F. App'x 348, 354 (6th Cir. 2010); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Robinson v. Corrections Corp. of America*, No. 99-5741, 2001 WL 857204, at *1 (6th Cir. June 20, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *2 (6th Cir. June 7, 2001); *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459 (6th Cir. Sept. 2000); *Raines-Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000). The Second and Fifth Circuits also have found that § 1997e(e) applies to constitutional claims. *See Thompson v. Carter*, 284 F.3d 411 (2d Cir. 2002) ("Because the words 'federal civil action' are not qualified, they include federal civil actions brought to vindicate constitutional rights."); *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir.

---

[1] Defendants point out only Plaintiff's January 8 grievance as not qualifying as protected conduct, because the grievance was about another prisoner. However, Plaintiff argues that he engaged in numerous prior acts of protected conduct. Defendants have not addressed Plaintiff's argument.

2001) (applying § 1997e(e) to constitutional claims, including First Amendment religion claims); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

However, some federal courts have rejected the physical injury requirement of § 1997e(e) when the underlying claim is for a violation of the First Amendment or other right not typically involving physical injury. As the Ninth Circuit held in *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998), "[t]he deprivation of First Amendment rights entitles a plaintiff judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." 143 F.3d at 1213. *See also Williams*, 2000 WL 1434459 (PLRA does not cover First Amendment retaliation claim); *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (no requirement of physical, mental or emotional injury for First Amendment claim because deprivation of First Amendment rights standing alone is a cognizable injury); *Amaker v. Haponik*, 1999 WL 76798, at *7 (S.D.N.Y.) (§ 1997e(e) did not bar plaintiff's First Amendment claims); *Mason v. Schriro*, 45 F.Supp.2d 709, 720 (W.D. Mo.1999) (§ 1997e(e) does not apply to Equal Protection claims under the Fourteenth Amendment); *Lewis v. Sheahan*, 35 F.Supp.2d 633, 637 n. 3 (N.D. Ill.1999) (§ 1997e(e) does not bar a right of access claim); *Friedland v. Fauver*, 6 F.Supp.2d 292 (D.N.J. 1998) (§ 1997e(e) did not bar claim for unconstitutional incarceration following arrest without probable cause); *Warburton v. Underwood*, 2 F.Supp.2d 306, 315 (W.D.N.Y. 1998) (declining to dismiss Establishment Clause claim under § 1997e(e) for want of plaintiff's showing of physical injury because "such claims nevertheless deserve to be heard").

In *King v. Zamiara*, the Sixth Circuit held that "deprivations of First Amendment rights are themselves injuries, apart from any mental, emotional, or physical injury that might also arise from the deprivation, and that § 1997e(e) does not bar all relief for injuries to First Amendments rights." *King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015). The statute itself says

nothing about claims seeking redress for constitutional injuries, which "are distinct from mental and emotional injuries." *Id.* at 213. To demand that First Amendment violations require a contemporaneous physical injury would render the phrase "for mental or emotional injury" superfluous. "Therefore, the plain language of the statute does not bar claims for constitutional injury that do not also involve physical injury." *Id.* In light of this holding, it is clear that plaintiff need not suffer physical harm to recover compensatory damages for a First Amendment claim under § 1997e(e). "[C]ourts have allowed plaintiffs to recover presumed damages for actual injuries caused by constitutional violations that are 'likely to have occurred' but difficult to measure." *Id.* at 214.

Nevertheless, in the opinion of the undersigned, assuming that Plaintiff sued Defendants because they called him a "baby raper," Defendants are entitled to dismissal of that claim, because Plaintiff admittedly was not harmed by the 'baby raper" slur. Plaintiff has admitted that everyone knows that he was convicted of CSC. Plaintiff stated that his CSC convictions are not a secret in the prison and not something that he tries to hide. Plaintiff testified:

> Well, in regards to the baby raper, no because that's not a secret that I had C-S-C. I never that's not a secret. I never kept that a secret like I was trying to hide anything, but in regards to them saying - trying to say that I ratted on some Bloods, it was some Bloods in there, you know, they had a little something to say, but ultimately, they can't do sh - it wasn't nothing they can say - really say, because we all locked in the cell, singularly you know, by yourself, you know, you can't get out.

ECF No. 38-1, Page ID. 132. Therefore, it is recommended that any claim that Plaintiff may be asserting regarding the "baby raper" comment should be dismissed. However, in the opinion of the undersigned, retaliatory claims against Defendants involving destroying or "trashing" Plaintiff cell,

for calling Plaintiff a snitch, and for denying him a meal on January 20, 2012, and January 23, 2012, should proceed.

Accordingly, it is recommended that Defendants' Motion for Summary Judgment (ECF No. 37) be granted, in part, dismissing claims asserted by Plaintiff for retaliatory false misconduct tickets, and for calling Plaintiff a "baby raper." However, it is recommended that the court deny the motion as to Plaintiff's retaliation claims based upon destroying property or "trashing" his cell, for calling him a snitch or "rat" in front of other prisoners, and for denying him dinner on January 20 and 23, 2012.[2]

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

---

[2]To the extent that Defendants assert that they are entitled to summary judgment on Plaintiff's official capacity claims, such claims do not state a claim upon which relief can be granted. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished). Moreover, the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds, *Will*, 491 U.S. 58; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars official-capacity suits for damages against its employees.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: November 6, 2015            /s/ TIMOTHY P. GREELEY
                                   TIMOTHY P. GREELEY
                                   UNITED STATES MAGISTRATE JUDGE