UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MILTON BROWN,

        Plaintiff,

Case No. 2:14-CV-136

v.

Hon. Gordon J. Quist

JEFFREY WOODS, et al.,

        Defendants.

_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

On November 10, 2015, Magistrate Judge Greeley issued a Report and Recommendation (R & R) in which he recommended that the Court grant Defendants' motion for summary judgment in part and deny the motion in part. The parties filed timely objections. Having reviewed the R & R, the parties' objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part, and that Defendants' motion should be granted.

Defendants argue that Plaintiff's retaliation claims fail because he did not engage in protected conduct. To succeed on his retaliation claims, Plaintiff must demonstrate that (1) he engaged in protected conduct, (2) Defendants took adverse action against Plaintiff, and (3) the adverse action was motivated, at least in part, by Plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Plaintiff has alleged that he engaged in protected conduct when he filed a grievance on January 8, 2012, and when he made informal complaints. Defendants argue that none of the conduct cited by Plaintiff constitutes protected conduct.

Inmates have a constitutional right of access to the courts that extends to direct appeals,

habeas corpus applications, and civil rights claims only. *Id.* at 391. This right extends to the filing of formal grievances. As the Sixth Circuit has previously explained:

> An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf. This right is protected, however, only if the grievances are not frivolous. Thus, [an inmate's] pursuit of legal claims . . . [is] protected conduct only to the extent that the underlying claims ha[ve] merit.

*Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (internal citations omitted). The January 8 grievance that Plaintiff filed stated that Corrections Officer Pawley withheld a meal from another prisoner, and that Plaintiff confronted Pawley about such action. (Dkt. #38-2 at Page ID#135.) Pawley responded that he was tired of Plaintiff's behavior, that he was going to start working where Plaintiff was housed more frequently, and that he would see how tough Plaintiff was and how much he ate. (*Id.*) To the extent that the grievance complained that another prisoner was denied a meal, it did not constitute protected conduct because it was not filed "on [Plaintiff's] own behalf." *Herron*, 203 F.3d at 415. *See also Thaddeus-X*, 175 F.3d at 395 ("It is clear in this circuit that an inmate does not have an independent right to help other prisoners with their legal claims."). The claims that Plaintiff asserted on his own behalf—essentially, that Pawley spoke to him disrespectfully or made veiled threats against him—are frivolous. *See Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) ("An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation.") (internal citations omitted). Accordingly, Plaintiff's filing of the January 8 grievance did not constitute protected conduct.

Plaintiff's other actions, which included filing kites complaining about corrections officers and making verbal complaints to supervisors, do not constitute protected conduct. Because an inmate's right to access the courts extends to established prison grievance procedures, filing non-frivolous grievances constitutes protected activity. *Herron*, 203 F.3d at 415. An informal complaint, however, does not implicate an inmate's right of access to the courts. In other words,

2

kites and verbal complaints do not constitute protected conduct because they do not constitute "pursuit of legal claims." *Id.*; *see also Hull v. Baker*, No. 1:11-CV-623, 2013 WL 1818612, at *2 (W.D. Mich. Apr. 29, 2013) ("The Sixth Circuit Court of Appeals has not recognized informal kites as protected conduct.").

Because Plaintiff has failed to demonstrate that he engaged in protected conduct, his retaliation claims necessarily fail. Thus, the Court need not address Plaintiff's argument that the filing of misconduct tickets amounted to adverse action.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed November 6, 2015 (dkt. #42) is **ADOPTED in part** and **REJECTED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to Report and Recommendation (dkt. #45) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (dkt. #37) is **GRANTED**.

A separate judgment shall issue.

This case is concluded.


Dated: December 11, 2015                    /s/ Gordon J. Quist
                                                                                                   GORDON J. QUIST
                                                                                         UNITED STATES DISTRICT JUDGE